# NO. 12-09-00158-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***RONALD RAY KENNEDY-BROOKS, APPELLANT*** | § | ***APPEAL FROM THE 7TH*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS, APPELLEE*** | § | ***SMITH COUNTY, TEXAS*** |

*MEMORANDUM OPINION*

*PER CURIAM*

Ronald Ray Kennedy-Brooks appeals his conviction for burglary of a habitation. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with the offense of burglary of a habitation, a second degree felony.[1] Appellant pleaded guilty to the offense charged in the indictment. The trial court found Appellant guilty of the charged offense and sentenced him to ten years of imprisonment and a $1,000.00 fine.[2] However, the trial court ordered that imposition of the sentence be suspended and that Appellant be placed on community supervision for a period of

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (Vernon 2003).

[2] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 2003).

five years.[3]

The State filed an application to revoke community supervision, alleging that Appellant had violated the terms of his community supervision. Appellant and his attorney signed a written plea admonishment and stipulation of evidence, admitting as "true" all but paragraph eight of the allegations in the State's application. At the hearing on the application, the State abandoned paragraph eight. Appellant again pleaded "true" to the remainder of the allegations contained in the State's application. At the conclusion of the hearing, the trial court accepted Appellant's plea, found that he violated the terms of his community supervision, granted the State's application, revoked Appellant's community supervision, and assessed his punishment at ten years of imprisonment and a $1,000.00 fine. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[4] We have reviewed the record for reversible error and have found none.

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby **granted**. *See In re*

---

[3] TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (Vernon Supp. 2009).

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

2

*Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re* Schulman, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

We *dismiss* Appellant's appeal.

Opinion delivered May 5, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3